UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 1:21-cr-00156-LEW |
| v. ) | |
| ) | |
| ADAM JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION FOR ACQUITTAL

After a jury trial, Defendant Adam Johnson was convicted of conspiring to distribute and to possess with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). Before the Court is Johnson's Motion for Acquittal (ECF No. 217). Because the Government introduced sufficient evidence to support Johnson's conviction, his motion is DENIED.

A judgment of acquittal is appropriate if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). I must "view the evidence and draw all reasonable inferences in the light most favorable to the verdict." *United States v. McGauley*, 279 F.3d 62, 66 (1st Cir. 2002) (citing *United States v. Benjamin*, 252 F.3d 1, 5 (1st Cir. 2001)); *United States v. Moran*, 312 F.3d 480, 487 (1st Cir. 2002) ("[A] court considers all the evidence, direct and circumstantial, and resolves all evidentiary conflicts in favor of the verdict."). Thus, I "do not weigh the credibility of the witnesses." *Moran*, 312 F.3d at 487. Next, I determine whether "a rational factfinder could find, beyond a reasonable

doubt, that the prosecution successfully proved the essential elements of the crime." *United States v. O'Brien*, 14 F.3d 703, 706 (1st Cir. 1994).

Johnson argues that the Government's evidence was insufficient to sustain his conviction. First, Johnson argues that the Government was required to test the drugs that law enforcement seized from Johnson. Second, Johnson challenges the credibility of the Government's witnesses, noting that many witnesses either testified under a grant of immunity or after having entered a plea agreement or a cooperation agreement.[1]

The Government maintains that the evidence introduced at trial was sufficient for the jury to rationally find Johnson guilty beyond a reasonable doubt. Gov't's Resp. (ECF No. 218). The Government argues that the lack of testing is immaterial and that Johnson's attack against the credibility of the witnesses necessarily fails.

To convict Johnson of conspiracy, the Government was required "to show beyond a reasonable doubt that a conspiracy existed and that [Johnson] agreed to participate in it, intending to commit the underlying substantive offense." *United States v. Sepulveda*, 15 F.3d 1161, 1173 (1st Cir. 1993). Here, the indictment alleged that Johnson conspired to distribute and to possess with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. The agreement "may be express or tacit and may be proved by direct or circumstantial evidence." *Id.* The Government must

---

[1] Johnson also states "[a]ll evidence gained by the government regarding admissions made by the defendant were done as part of agreements made between the government and the defendant. As such, the court should exclude the admissions of the defendant at trial." Mot. at 1–2. I understand Johnson to be attempting to renew his arguments from a motion in limine that I ruled on before trial, and I stand by my previous ruling. I note, however, that defense counsel did not timely raise this objection at trial because defense counsel objected at side bar well *after* the evidence was already admitted.

show that the defendant intended to join the conspiracy and intended to perpetrate the underlying substantive offense. *See United States v. Dellosantos*, 649 F.3d 109, 116 (1st Cir. 2011).

The Government satisfied its burden with flying colors. The Government called several witnesses who testified that they conspired with Johnson and others to distribute fentanyl throughout Maine. While Johnson calls the credibility of these witnesses into question because they either testified under a grant of immunity or a cooperation agreement, his challenge to the credibility of these witnesses fails at this posture. *See United States v. Ortiz de Jesus*, 230 F.3d 1, 6 (1st Cir. 2000) ("In passing upon challenges to the sufficiency of the evidence, we are bound to refrain from making independent judgments as to witness credibility."). Furthermore, the Government also introduced evidence of admissions by Johnson that supported his conviction. Collectively, the evidence introduced by the Government at trial was sufficient for a rational factfinder to convict Johnson of the charged conspiracy.

Contrary to Johnson's argument, the Government was not required to test the drugs seized from him to support a conviction. The First Circuit rejected another defendant's similar argument in *United States v. Valencia-Lucena*. 925 F.2d 506, 512 (1st Cir. 1991). There, a defendant argued that the evidence was insufficient to support his conspiracy conviction because "the contents of the coolers were never analyzed and because possession and the amount of the cocaine were never proved at trial, [so] there [was] insufficient evidence that a cocaine conspiracy ever took place." *Id.* The First Circuit swiftly rejected this argument because "it was not necessary for the cocaine to have been

3

analyzed because proof based upon scientific analysis or expert testimony is not required to prove the illicit nature of a substance" since the identification "of a substance as a drug may be based upon the opinion of a knowledgeable lay person." *Id.* (citing *United States v. Paiva*, 892 F.2d 148, 156–57 (1st Cir. 1989)).  The Court further reasoned that "the fact that the cocaine was never introduced into evidence is irrelevant since the drug connection necessary for a conspiracy conviction may be proved by circumstantial evidence alone." *Id.* (citing *United States v. Drougas*, 748 F.2d 8, 15 (1st Cir. 1984)).  The same is equally true here, and the totality of the Government's evidence supported Johnson's conviction.  Thus, Johnson's Motion for Acquittal (ECF No. 217) is **DENIED**.

    SO ORDERED.

    Dated this 29th day of February, 2024.

                                     /s/ Lance E. Walker
                                     UNITED STATES DISTRICT JUDGE